IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANTHONY L. HICKS, #133302,    )
    )
      Plaintiff,    )
    )
v.    )    CASE NO. 2:10-CV-344-MHT
    )    [WO]
    )
LOUIS BOYD, et al.,    )
    )
      Defendants.    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Anthony L. Hicks ["Hicks"], a state inmate, challenging actions taken against him during his incarceration at the Easterling Correctional Facility ["Easterling"].  In this complaint, Hicks alleges correctional officials violated his constitutional rights with respect to his classification as a restricted offender and challenges the conditions of confinement at Easterling.  *Complaint - Doc. No. 1* at 2-3.  Hicks names Louis Boyd, the warden of Easterling, Sherry Seals, the classification supervisor at this facility, and Jameka Caffie, his assigned classification specialist, as defendants in this cause of action.  Hicks seeks monetary damages and requests issuance of an order requiring the defendants to remove

him from restricted offender status.  *Id*. at 4.[1]

The defendants filed a special report and supporting evidentiary materials addressing Hicks' claims for relief.  Pursuant to the orders entered in this case, the court deems it appropriate to treat this report as a motion for summary judgment.  *Order of July 14, 2010 - Doc. No. 15*.  Thus, this case is now pending on the defendants' motion for summary judgment.  Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response, the court concludes that the defendants' motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th  Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[1]The request for removal from restricted offender status is moot as the plaintiff concedes he has been removed from this status.  *Plaintiff's Response - Doc. No. 16* at 1.

of law.").[2]   The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact.  Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered

---

[2]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'   'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

undisputed -- show that the movant is entitled to it.")  A genuine dispute of material fact

exists when the nonmoving party produces evidence that would allow a reasonable fact-

finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of
> professional judgment.  In respect to the latter, our inferences must accord
> deference to the views of prison authorities.  Unless a prisoner can point to
> sufficient evidence regarding such issues of judgment to allow him to prevail
> on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal

citation omitted).  Consequently, to survive the defendants' properly supported motion for

summary judgment, Hicks is required to produce "sufficient [favorable] evidence" which

would be admissible at trial supporting his claims of constitutional violations.  *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil*

*Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable ...

or is not significantly probative ... summary judgment may be granted."  *Id*. at 249-250.

"A mere 'scintilla' of evidence supporting the opposing party's position will not suffice;

there must be enough of a showing that the [trier of fact] could reasonably find for that

party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202

(1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  Conclusory

allegations based on subjective beliefs are likewise insufficient to create a genuine issue

of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami,*

*Florida*, 363 F.3d 1099, 1101 (11ᵗʰ Cir. 2004).  What is material is determined by the

substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of*

*the Department of Children and Family Services*, 358 F.3d 804, 809 (11ᵗʰ Cir. 2004) ("Only

factual disputes that are material under the substantive law governing the case will

preclude entry of summary judgment.").  "The mere existence of some factual dispute will

not defeat summary judgment unless that factual dispute is material to an issue affecting

the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243

(11ᵗʰ Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the

party opposing summary judgment "must do more than simply show that there is some

metaphysical doubt as to the material facts....  Where the record taken as a whole could not

lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute]

for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

In cases where the evidence before the court which is admissible on its face or which can

be reduced to admissible form indicates that there is no genuine dispute of material fact and

that the party moving for summary judgment is entitled to it as a matter of law, summary

judgment is proper.  *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate

where pleadings, evidentiary materials and affidavits before the court show there is no

genuine dispute as to a requisite material fact.); *Waddell*, 276 F.3d at 1279 (To establish

a genuine dispute of material fact, the nonmoving party must produce evidence such that

6

a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Hicks fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## III. DISCUSSION

### A. Absolute Immunity

Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not

abrogated Alabama's immunity.   Therefore, Alabama state officials are immune from

claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116

F.3d 1419, 1429 (11th Cir. 1997).

   In light of the foregoing and under the undisputed circumstances of this case, the

defendants are entitled to sovereign immunity under the Eleventh Amendment for claims

seeking monetary damages from them in their official capacities.   *Lancaster*, 116 F.3d at

1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir.

1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

## B.  The Conspiracy Claim

   Hicks  makes  the  specious  allegation  that  the  defendants  "participated  in  a

conspiracy" in classifying him as a restricted offender.  *Complaint - Doc. No. 1* at 3.  A

conspiracy claim justifiably may be dismissed because of the conclusory, vague and general

nature of the allegations.  *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).

The court has carefully reviewed the instant complaint.  At best, the assertion made by

Hicks with respect to a conspiracy is a self serving, purely conclusory allegation which

fails to assert those material facts necessary to establish the existence of a conspiracy.

*Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief

based on a conspiracy, a plaintiff must plead that the offending parties "reached an

understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d

1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy). Other than his suppositious allegation, Hicks presents nothing to establish an actual conspiracy nor can this court countenance the existence of any evidence which would indicate the defendants entered into a conspiracy to deprive Hicks of his constitutional rights. In light of the foregoing, the court concludes that Hicks' bare allegation regarding a conspiracy is insufficient to support a claim for relief under 42 U.S.C. § 1983. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

### C.  The Equal Protection Claim

Hicks is currently incarcerated on a manslaughter conviction imposed against him by the Circuit Court of Mobile County in 2002. The circumstances underlying Hicks' manslaughter conviction indicate that he participated in a drive-by shooting which resulted in the death of an individual. *Defendants' Exhibit D - Doc. No. 11-4* at 2. In addition, Hicks has an extensive criminal record. *Id*. at 8.

Hicks maintains the defendants deprived him of equal protection because they removed other inmates from restricted offender status while he remained classified as a restricted offender at the time he filed this complaint. *Complaint - Doc. No. 1* at 3. The defendants deny they acted in violation of Hicks' equal protection rights. Specifically, the defendants maintain that the Central Restriction Review Committee ["CRRC"], in

accordance with applicable classification criteria and due to the nature of the underlying offense, determined Hicks should be classified as a restricted offender.[3]  The defendants concede that after a change in the classification criteria the CRRC reviewed requests filed by inmates and, if these inmates met the amended criteria, removed eligible inmates from restricted offender status.  *Defendants' Exhibit B (Affidavit of Jameka Caffie) - Doc. No. 11-2*; *Defendants' Exhibit C (Affidavit of Sherry L. Seals) - Doc. No. 11-3*.  The defendants maintain that at the time Hicks filed this complaint he had not submitted a request for removal from restricted offender status and, therefore, the classification review committee had not yet considered him for reclassification.  *Id*.  Hicks concedes that subsequent to filing this complaint correctional officials removed him from restricted offender status.  *Plaintiff's Response - Doc. No. 16* at 1.

"Despite the tendency of all rights 'to declare themselves absolute to their logical extreme,' there are obviously limits beyond which the equal protection analysis may not be pressed....  The Fourteenth Amendment 'does not require absolute equality or precisely equal advantages,'... nor does it require the State to 'equalize [prison] conditions.'"  *Ross v. Moffitt*, 417 U.S. 600, 611-612 (1974); *Hammond v. Auburn University*, 669 F.Supp. 1555, 1563 (M.D. Ala. 1987) ("The Equal Protection Clause of the Fourteenth Amendment does not require all persons to be treated either identically or equally.").  To establish a

---

[3]The defendants are not members of the Central Restriction Review Committee.

claim cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11ᵗʰ Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11ᵗʰ Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11ᵗʰ Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).  Evidence which merely indicates disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987).

11

Since this case is before the court on a properly supported motion for summary judgment from the defendants, Hicks bears the burden of producing evidence which would be admissible at trial sufficient to show:  (i) the defendants provided more favorable treatment to other similarly situated inmates, i.e., inmates whose conduct during their offenses was substantially similar to his conduct of participating in a drive-by shooting which caused the death of an individual; and (ii) the decision to deny him favorable treatment resulted from intentional discrimination.  *Celotex*, 477 U.S. at 322-324; *Anderson*, 477 U.S. at 249 (to preclude summary judgment, plaintiff must present significant probative evidence showing defendants provided more favorable treatment to similarly situated persons and did so as the result of intentional discrimination); *E & T Realty Company v. Strickland*, 830 F.2d 1107, 1114 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988) (Intentional discrimination on the part of the defendants in providing the challenged disparate treatment is required.  "Mere error or mistake in judgment" or "[e]ven arbitrary administration of a statute, without purposeful discrimination, does not violate the equal protection clause.").  The plaintiff cannot rest on conclusory allegations of a constitutional violation to defeat summary judgment nor is "[t]he mere existence of a scintilla of evidence in support of [his] position" sufficient to avoid summary judgment.  *Anderson*, 477 U.S. at 252; *Waddell*, 276 F.3d at 1279 (conclusory allegations based solely on subjective beliefs are insufficient to oppose summary judgment).

12

Hicks does not allege the defendants subjected him to adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation.  Specifically, as the sole basis for his equal protection claim, Hicks relies exclusively on the fact that at the time he filed this complaint he remained a restricted offender while other inmates had been removed from this classification status.  The mere differential treatment referenced by Hicks does not implicate a violation of the Equal Protection Clause.  *Sweet*, 467 F.3d at 1319;  *E & T Realty*, 830 F.2d at 1114-1115; *Horner v. Kentucky High School Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994).  Moreover, it is undisputed that correctional officials based the challenged classification of Hicks as a restricted offender on the circumstances underlying his offense.  *Defendants' Exhibit D - Doc. No. 11-4* at 8.  Thus, the record is devoid of evidence that the defendants or any other correctional official acted due to purposeful discrimination.  Under applicable federal law, the allegations presented by Hicks are insufficient to demonstrate an equal protection violation and summary judgement is due to be granted in favor of the defendants on this claim.

### D.  Custody Classification

To the extent Hicks argues he is entitled to placement in a lower custody classification, this claim provides no basis for relief as an inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his

classification level or placement in desired programs because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Francis v. Fox*, 838 F.2d 1147 (11ᵗʰ Cir. 1988); *Jones v. Diamond,* 594 F.2d 997 (5ᵗʰ Cir. 1979).

### E.  Conditions Claims

Hicks complains that while confined at Easterling he endured "cruel and unusual punishment because ... of conditions ... including overcrowding, excessive noise, insufficient locker storage space, house[d] [in areas] with mentally and physically ill inmates, ... unsanitary [toilet facilities], [and] inadequate heating and cooling [resulting from] improper ventilation." *Complaint - Doc. No. 1* at 3.  The defendants deny that the conditions about which Hicks complains violated his constitutional rights.  Defendant Boyd addresses Hicks' conditions claims as follows:  "Easterling Correctional Facility is in fact housing more inmates tha[n] designed for.  Accordingly, the level of noise associated with the increased numbers would be expected.  The locker storage space is the same at all institutions, as the beds come with attached locker boxes.  Restrooms are cleaned by assigned cleaners on a 24-hour basis.  There are no major heating or cooling problems. When heating or cooling problems occur, there is a Maintenance Department with adequate personnel to handle the problems.  All dorms have fans and ventilation is appropriate as

14

all windows can be opened, and all vents may be opened or closed.  Easterling Correctional Facility along with every institution in the state, will house physically ill inmates and those mentally challenged inmates who qualify for residency...."  *Defendants' Exhibit E (Affidavit of Louis Boyd) - Court Doc. No. 14-1* at 1.

Only those conditions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (19891).[4]  "'[T]he Constitution does not mandate comfortable prisons.'  *Id.* at 349, 101 S.Ct. at 2400.  If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'  *Id.* at 347, 101 S.Ct. at 2399.  Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.'  *Id.*"  *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

A prison official may likewise be held liable under the Eighth Amendment for acting with "'deliberate indifference'" to an inmate's health or safety when the official knows that the inmate faces "a substantial risk of serious harm" and disregards that risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 1974 (1994).  A constitutional violation occurs only when a plaintiff establishes the

---

[4]The Eighth Amendment applies to the states through the Fourteenth Amendment. *Rhodes,* 452 U.S. at 344-345.

existence of "a substantial risk of serious harm, of which the official is subjectively aware, ... and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001)(en banc), *quoting Farmer*, 511 U.S. at 844, 114 S.Ct. at 1982-1983. Thus, in order to survive summary judgment on his claims challenging the conditions of confinement at Easterling, Hicks is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995); *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) ("To be deliberately indifferent, Defendants must have been 'subjectively aware of the substantial risk of serious harm in order to have had a "'sufficiently culpable state of mind.'"" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists-and the prison official must also 'draw that inference.' *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979.").

The living conditions within a correctional facility will constitute cruel and unusual punishment when the conditions involve or result in "wanton and unnecessary infliction of pain, [or] ... [are] grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes*, 452 U.S. at 347. "Conditions ... alone or in combination, may

deprive inmates of the minimal civilized measure of life's necessities. Such conditions could be cruel and unusual under the contemporary standard of decency .... But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Id*. at 347. To determine whether conditions of confinement constitute cruel and unusual punishment, the court must look to the effect the condition has upon the inmate. *Id*. at 366. In a case involving conditions of confinement generally or several different conditions, the court should consider whether the claims together amount to conditions which fall below constitutional standards. *Hamm v. De Kalb County*, 774 F.2d 1567 (11th Cir. 1985), *cert. denied Hamm v. De Kalb County*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L. Ed. 2d 894 (1986); *see also Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991).

Despite his allegations regarding the conditions of confinement at Easterling, Hicks does not establish that these conditions denied him the minimal civilized measure of life's necessities or subjected him to a wanton and unnecessary infliction of pain. *Wilson*, 501 U.S. at 298-299; *Rhodes*, 452 U.S. at 347. Furthermore, Hicks fails to demonstrate any deliberate indifference or reckless disregard by the named defendants with respect to his health or safety. Specifically, Hicks does not identify any particular incident or condition of which defendants Boyd, Caffie and Seals were aware from which an inference could be drawn that a substantial risk of serious harm existed. The record is also devoid of any evidence showing that the defendants drew the requisite inference. Consequently,

17

summary judgment is due to be granted in favor of the defendants on the plaintiff's conditions claims. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *see also Carter*, 352 F.3d at 1349-1350.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion for summary judgment be GRANTED.

2.  Judgment be GRANTED in favor of the defendants.

3.  This case be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before November 9, 2012 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of iss+ues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of October, 2012.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE